NO. 16-40235

# In the
# United States Court of Appeals
# For the Fifth Circuit

_____

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*

**vs.**

ROSENDO PADILLA, JR.,
*Defendant-Appellant*

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 1:08-CR-183-1; Hon. Gray H. Miller, Judge Presiding
_____

BRIEF OF APPELLANT ROSENDO PADILLA, JR.

IN ACCORDANCE WITH *ANDERS v. CALIFORNIA*, 386 U.S. 738 (1967)
_____

**NEAL DAVIS, III**
**Law Offices of Odom & Davis**
**Texas Bar # 24038531**
**Federal # 706329**
**440 Louisiana, Suite 200**
**Houston, TX 77002**
**Telephone: (713) 223-5575**
**Fax: (713) 224-2815**

**Court-appointed Attorney for**
**Appellant, Mr. Padilla**

<u>CERTIFICATE OF INTERESTED PERSONS</u>
United States v. Rosendo Padilla, Jr.,
No. 16-40235

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

1. The Honorable Hilda G. Tagle, Senior United States District Judge (Sentencing Judge)

2. The Honorable Gray H. Miller, United States District Judge (Assigned Judge)

3. Rosendo Padilla, Jr., Defendant-Appellant

4. United States of America, Plaintiff-Appellee

5. Counsel for Plaintiff-Appellee:

    United States Attorney Kenneth Magidson
    Assistant United States Attorney Glenn M. Cook (trial counsel)
    Assistant United States Attorney Carmen C. Mitchell (appellate counsel)

6. Counsel for Defendant-Appellant:

    Ali R. Fazel (trial counsel)
    Neal Davis, III (appellate counsel)

These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

*/s/ Neal Davis, III*
NEAL DAVIS, III

i

## PREAMBLE

This brief is submitted in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel has carefully examined the facts and matters contained in the record on appeal and has researched the law in connection therewith and has concluded that the appeal presents no legally nonfrivolous questions. In reaching this conclusion, counsel has examined the superseding petition for offender under supervision, has thoroughly read the record and evaluated the sufficiency of the evidence and the adequacy of the Rule 11 proceeding as it relates to the superseding petition, and has examined the record for any arguable violations of the Constitution, federal statutes, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the Federal Sentencing Guidelines.

## STATEMENT RESPECTING ORAL ARGUMENT

Counsel for the defendant-appellant has moved to withdraw as counsel based on *Anders v. California*; consequently, oral argument is not requested.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS…………………........................................i

PREAMBLE……………………………………………………………………………ii

REQUEST FOR ORAL ARGUMENT……………………………………………........ii

TABLE OF CONTENTS………………………………………………………….......iii

TABLE OF CITATIONS……………………………………………………………v

STATEMENT OF JURISDICTION……………………………………………........1

STATEMENT OF THE ISSUE……………………………………………………......2

STATEMENT OF THE CASE……………………………………………………3

    A. Proceedings Below……………………………………………………………..3
    B. Statement of the Facts
        1. The Offense………………………………………………………………5
        2. Sentencing……………………………………………………………........6
           a. The Sentencing Hearing……………………………………………6
SUMMARY OF THE ARGUMENT………………………………………………......8

ARGUMENT……………………………………………………………………..9

    ISSUE RESTATED:
    There are no meritorious or non-frivolous issues on appeal on which the appellant could
    prevail. Counsel therefore presents arguable issues so as to assure that Appellant is
    provided with effective assistance of counsel. ………………………………………9

    A. Standard of Review…………………………………………………………..9
    B. Mr. Padilla entered a plea of "true" in accordance with the Federal Rules of
       Criminal Procedure………………………………………………………..9
    C. The district court did not commit procedural error nor did it assess a substantively
       unreasonable sentence. The sentence assessed by the district court was within the
       statutory range, and was assessed to run consecutive to the new-law violation as
       was the court's
       discretion……………………………………………………………12

CONCLUSION…………………………………………………………………..16

CERTIFICATED OF SERVICE………………………………………………......17

CERTIFICATE OF COMPLIANCE…………………………………………………17

## TABLE OF CITATIONS

### CASES

*Anders v. California*, 386 U.S. 738 (1967)……………………………………………2, 8

*Gall v. United States*, 522 U.S. 38, 51 (2007)……………………………………....9, 13

*Rita v. United States*, 551 U.S. 338, 356 (2007)……………………………………..13, 14

*United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006)……………………….....15

*United States v. Cook*, 589 F.3d 173, 186 (5th Cir. 2009)……………………………..15

*United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013)…………………………….9

*United States v. Gonzales*, 250 F.3d 923, 927 (5th Cir. 2001)…………………………...15

*United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009)………………14

*United States v. Sanchez*, 667 F.3d 555, 567 (5th Cir. 2012)……………………………14

*United States v. Valeriano*, 714 F.3d 289, 293 (5th Cir. 2013)…………………………..13

### STATUTES AND RULES

18 U.S.C. § 922(g)……………………………………………………………………….5

18 U.S.C. § 3553(c)…………………………………………………………………….…..14

18 U.S.C. § 3583(g)(2)…………………………………………………………………….6

18 U.S.C. § 3584(a)……………………………………………………………………...15

18 U.S.C. § 3742…………………………………………………………………………..1

28 U.S.C. § 1291………………………………………………………………………..1

5th Cir. R. 28.2.1………………………………………………………………………….ii

8 U.S.C. § 1326(a)……………………………………………………………………...3

Fed. R. App. P. 4(b)(1)(A)(i)…………………………………………………………...1

Fed. R. Crim. P. 11………………………………………………………………...ii, 9

Fed. R. Crim. P. 32………………………………………………………....11, 12

Fed. R. Crim. P. 32.1…………………………………………………………..…9

## STATEMENT OF JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291, as this is an appeal from a final judgment of conviction and sentence entered by the United States District Court for the Southern District of Texas. Jurisdiction also is attained under 18 U.S.C. § 3742, which provides for review of federal sentences.

The judgment appealed from was entered on February 2, 2016, following the announcement of judgment and sentence on January 29, 2016. Mr. Padilla filed his notice of appeal on February 5, 2016.  This appeal is, therefore, timely.  *See* Fed. R. App. P. 4(b)(1)(A)(i).

## STATEMENT OF THE ISSUE

Whether there are meritorious points to appeal the trial court's sentence. After careful study of the record and applicable law, it is the good faith belief and professional opinion of the undersigned counsel that there are no meritorious points for appeal on which the Appellant could possibly prevail, i.e. there are no non-frivolous issues.

Pursuant to *Anders v. California* 386 U.S. 738 (1967), undersigned counsel respectfully requests to withdraw as appointed appellate counsel and includes in this *Anders* brief any potential arguable appellate issues so as to ensure that Appellant is provided with effective assistance of counsel.

## STATEMENT OF THE CASE[1]

### A. Proceedings Below.

1)      On March 4, 2008 a grand jury in the Brownsville Division of the Southern District of Texas indicted Rosendo Padilla, Jr. for charges of: **Count 1** - conspiracy to transport and harbor illegal immigrants in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (iii); and, **Counts 2-4** - knowingly or recklessly harboring an illegal alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324 (a)(1)(A)(v)(II) (ROA.31-33).

2)      On March 18, 2008, Mr. Padilla entered a plea of guilty to **Count 2**, harboring one illegal alien (ROA.46) pursuant to a plea agreement (ROA.148).

3)      On July 9, 2008, the district court sentenced Mr. Padilla to serve twelve (12) months of imprisonment (ROA.47) followed by three (3) years supervised release (ROA.48).

4)      Mr. Padilla's supervised release started on February 5, 2009 (ROA.49).

5)      On April 7, 2010, after his arrest for driving while intoxicated (which was subsequently dismissed), Mr. Padilla's supervised release

---

[1] Undersigned counsel has prepared this brief in reliance on the electronic record on appeal. As such, any reference to a document filed in this case, or to a portion of any of these transcripts, will be made by the page number, or numbers, of the electronic record, in the following manner: ROA.___. The presentence report ("PSR") is cited by paragraph number.

conditions were modified, requiring him to participate in a vocational training program (ROA.49). He continued supervised release (ROA.52).

6)    On June 14, 2011, the district court issued a warrant pursuant to a violation report after Mr. Padilla was arrested for state charges of aggravated assault with a motor vehicle (ROA.55).

7)    On December 2, 2011, a superseding violation report stated that the aggravated assault with a motor vehicle was dismissed and Mr. Padilla pled guilty to a lesser charge of accident involving damage to a vehicle. He was sentenced to 180 days in county jail on the state charge (ROA.63).

8)    On January 12, 2012, Mr. Padilla pled "true" to the above-mentioned violation (ROA 68). The district court imposed a nine (9) month sentence of imprisonment followed by 27 months of supervised release (ROA.69-70).

9)    Mr. Padilla's supervised release commenced July 26, 2012.

10)    On February 25, 2013, the district court issued a warrant after a violation report accused Mr. Padilla of new-law violations of operating a salvaged vehicle and Class C misdemeanor assault (ROA.72-73). The probation department recommended, and the district court agreed to continue his supervised release, which was modified (ROA.73). Mr. Padilla

was referred to a behavioral program and no other adverse action was taken (ROA.73). Mr. Padilla remained on supervised release.

11)    On January 29, 2016, Mr. Padilla pled "true" to both new law violations alleged in the superseding petition (ROA.89). The district court sentenced Mr. Padilla to 24 months imprisonment to run consecutively to the term of imprisonment imposed in cause number 4:14-CR-174-1 (ROA.90).

12)    On February 9, 2016, a notice of appeal was timely filed (ROA.91).

B. <u>Statement of the Facts.</u>

1. <u>The Offense</u>

On April 2, 2014, the district court issued a warrant after a violation report alleged that Mr. Padilla was charged and arrested on March 27, 2014 for a federal law violation of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (ROA.75-76).

The supervised release revocation was transferred from Judge Tagle's district court in Brownsville to Judge Miller's court, which was handling the new-law violation, in the Houston Division (ROA.78).

On January 6, 2016, a superseding petition was filed alleging that Mr. Padilla violated the conditions of his supervised release because he was arrested and charged with two law violations: possession of a firearm by a

felon, and conspiracy to make false statements in the acquisition of firearms in cause number 4:14-CR-174-1 (ROA.86).

1.  Sentencing

    a.  The Sentencing Hearing

On January 29, 2016, the district court held a hearing concerning the violations of the defendant's supervised release. Mr. Padilla pled "true" to both allegations (ROA.127). The court addressed the violations, both of which are Grade B violations requiring mandatory revocation, and the revocation worksheets prepared by the United States Probation Office (ROA.128) (*see also* 18 U.S.C. § 3583(g)(2)). The statutory maximum term of imprisonment for each violation is two years (ROA.128). According to the Chapter 7 calculations, the revocation imprisonment range for Mr. Padilla is four to ten months (ROA.128).

At the sentencing hearing, the government requested for a sentence at the highest range (ROA.128). Mr. Padilla argued that whatever sentence the court imposed, he requested that that sentence run concurrently with the sentence imposed for the new charges in cause number 4:14-CR-174-1 (see generally ROA.128-129). The court then sentenced Mr. Padilla to 24 months imprisonment, with no term of supervised release (ROA.131). After imposing the sentence in 4:14-CR-174-1 (60 months for one count, 120

months for the other), the court ruled that the sentences in the new cases would run consecutively with the revocation sentence (ROA.142).

## SUMMARY OF THE ARGUMENT

Counsel has moved to withdraw and filed this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). After careful study of the record and applicable law, it is counsel's good faith belief and professional opinion that there are no meritorious or non-frivolous points on appeal on which the Appellant could prevail. Counsel therefore presents arguable appellate issues so as to ensure that Appellant is provided effective assistance of counsel.

ARGUMENT

> ISSUE RESTATED: There are no meritorious or non-frivolous issues on appeal on which the appellant could prevail. Counsel therefore presents arguable issues so as to assure that Appellant is provided with effective assistance of counsel

A.    Standard of Review

Appellate courts review sentences for abuse of discretion in a bifurcated inquiry. *See United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013). The appellate review starts with an assessment of any procedural error committed by the district court, like "failing to adequately explain the chosen sentence." *Gall v. United States*, 522 U.S. 38, 51 (2007). If no procedural error exists, the appellate review then points to the sentence's substantive reasonableness. *Id.*

B.    Mr. Padilla entered a plea of "true" in accordance with the Federal Rules of Criminal Procedure.

The record indicates that the Mr. Padilla understood the charges, penalties, and right to a hearing pursuant to Fed. R. Crim. P. 11 and 32.1. The trial court's compliance with Federal Rule of Criminal Procedure 11 and 32.1 is set forth in the following table:

| I. Advising and Questioning the Defendant - FED. R. CRIM. P. 11(b)(1) & 32.1 | |
|---|---|
| **(A)** risk of perjury | n/a |
| **(B)** right to plead not guilty or persist in not-guilty plea | n/a |
| **(C)** right to a jury trial | n/a |
| **(D)** right to counsel at trial and every other stage | n/a |
| **(E)** certain specific rights at trial | n/a |
| **(F)** defendant's waiver of trial rights | n/a |
| **(G)** nature of the charge | ROA.127 |
| **(H)** maximum possible penalty | ROA.128 |
| **(I)** mandatory minimum penalty | n/a |
| **(J)** any applicable forfeiture | n/a |
| **(K)** court's authority to order restitution | n/a |
| **(L)** court's obligation to impose a special assessment | n/a |
| **(M)** court's obligation to calculate guidelines range and consider that range, possible departures, and other 18 U.S.C. § 3553(a) factors | ROA.131 |
| **(N)** terms of waiver of right to appeal or collaterally attack the sentence | n/a |
| **Rule 32.1(b)(1)(A)** waived preliminary hearing | ROA.82 |
| **Rule 32.1(b)(2)(A)** defendant received written notice of allegations | ROA.86 |
| **Rule 32.1(b)(2)(E)** defendant had an opportunity to make a statement and present in information in mitigation | ROA.130 |

| | |
|---|---|
| **II. Voluntariness of Plea - Rule 11(b)(2)** | n/a |
| **III. Plea's Factual Basis - Rule 11(b)(3)** | n/a |
| **IV. Judicial Consideration of Plea Agreement - Rule 11(c)(3)** (advisory to defendant if plea agreement is of specified type) | n/a |
| **V. Accepting Plea Agreement - Rule 11(c)(4)** (informing defendant that, to the extent agreement is of specified type, the agreed disposition will be in the judgment) | n/a |
| **VI. Enforcing Plea Agreement** (Government's compliance with plea agreement, defense counsel's certification whether government intends to enforce appeal waiver, and validity of appeal waiver) | n/a |

The trial court's compliance with Federal Rule of Criminal Procedure

32 is set out in the following table:

| SENTENCING - Fed. R. Crim. P. 32 | |
|---|---|
| **I. Rule 32(e)(2)** (disclosing the PSR) | n/a |
| **II. Rule 32(i)(1) (**verifying that defendant and counsel read and discussed the PSR and any addendum to the PSR and allowing counsel to comment on PSR and sentencing matters) | n/a |
| **III. Rule 32(i)(3)** (findings on disputed matters) | n/a |
| **IV. Rule 32(i)(4)** (allowing counsel and defendant to speak) | ROA.128-130 |

| | |
|---|---|
| **V. Rule 32(j)(1)** (advising defendant of any right to appeal and right to appeal in forma pauperis) | ROA.131 |
| **VI. Rule 32(k)(1)** (judgment correctly sets forth plea, offense(s) of conviction, and sentence, including conditions of supervised release imposed at sentencing) | ROA.89 |
| **VII. Adequacy of reasons for sentence**; 18 U.S.C. § 3553(c) | ROA.131 |
| **VIII. Calculation of sentence** | |
| **Offense level calculation** (identify base offense level and any adjustments) | ROA.128 |
| **Criminal history calculation** (identify prior convictions and any additional points) | ROA.128 |
| **Statutory minimum or maximum**, if any, term of imprisonment and supervised release | ROA.128 |
| **Fine range**, if fine was imposed; *see* U.S.S.G. § 5E1.2, and findings on fine and on defendant's ability to pay; *see id.*; 18 U.S.C. §§ 3571 & 3572 | n/a |
| **Advisory guidelines range** | ROA.128 |

C. The district court did not commit procedural error nor did it assess a substantively unreasonable sentence. The sentence assessed by the district court was within the statutory range, and was assessed to run consecutive to the new-law violation as was the court's discretion.

Federal Rule of Criminal Procedure 32(i) outlines procedural obligations of district courts at sentencing by providing that sentencing

judges must allow the parties an opportunity to review and to comment on the PSR, as well as permit counsel, the defendant, and victims to allocute at sentencing. *See* Fed. R. Crim. P. 32(i)(1), (4)*; see also id.* 32(k)*; United States v. Valeriano*, 714 F.3d 289, 293 (5th Cir. 2013). Although Rule 32's apparent focus is on permitting the parties the opportunity to present their views, Congress statutorily also requires that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence …" 18 U.S.C. § 3553(c); *Valeriano*, 714 F.3d at 293. The rule that sentencing courts must provide a reasoned basis for their sentences is a salutary and necessary component of our advisory guidelines sentencing regime. *Id.*; *see also Rita v. United States*, 551 U.S. 338, 356 (2007) (noting this "requirement reflects sound judicial practice" and that "[a] public statement of … reasons helps provide the public with the assurance that creates … trust" in the judicial system); *id.* ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."); *id.* at 357-58 (describing that district courts' sentencing explanations can inform the "constructive[]" evolution of the Sentencing Guidelines); *cf. Gall v. United States*, 552 U.S. 38, 50 (2007) (specifying the district court "may not presume that the Guidelines range is

reasonable … [but] must make an individualized assessment based on the facts presented"). Those broad principles are easily recited, but are necessarily resistant to refinement into bright-line rules: the open-court reason-giving requirement is a flexible, context-specific command. *See Rita*, 551 U.S. at 356-58. That flexibility is reflected in § 3553(c)'s language and structure, as the statute enumerates additional obligations in cases in which the guidelines range exceeds twenty-four months or the court imposes sentence outside of the guidelines range. See § 3553(c)(1)-(2).

Broadly speaking, the district judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *United States v. Sanchez*, 667 F.3d 555, 567 (5th Cir. 2012). This court has said that "[w]hile sentences within the Guidelines require little explanation … more is required if the parties present legitimate reasons to depart from the Guideline." *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009). Therefore, when the defendant offers relevant arguments in favor of a lower sentence, the sentencing judge may not rest solely on "a bare recitation of the Guideline's calculation." *Id*. at 363.

In this case, the district court sufficiently discharged its obligation under section 3553(c). The court explained that it had reviewed all relevant

material, recounted Mr. Padilla's principal arguments to run the sentences concurrently, adopted the revocation worksheets prepared by the probation department and engaged defense counsel concerning Mr. Padilla's prior criminal history and his life history since that time period. After considering the argument Mr. Padilla made, the district court imposed a sentence within the statutory range of punishment. The district court did not commit procedural error.

Sentences within a properly calculated guidelines range enjoy a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cook*, 589 F.3d 173, 186 (5th Cir. 2009). Looking at the record in totality, the district court considered the arguments made by defense counsel and no abuse of discretion is perceived in the district court's conclusion that the sentence would run consecutive to the new-law violations. *See United States v. Gonzales*, 250 F.3d 923, 927 (5th Cir. 2001) (the decision to impose consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court); see also 18 U.S.C. §

3584(a). Mr. Padilla's sentence was not substantively unreasonable. It is therefore unlikely that the trial court abused its discretion in assessing Mr. Padilla's sentence, and any appeal on such an issue would not be meritorious or non-frivolous.

## CONCLUSION

After examining the facts of the case in light of the applicable law, it is the opinion of counsel on appeal that there is no basis for presenting any legally nonfrivolous issue.

Respectfully submitted

*/s/ Neal Davis, III*
NEAL DAVIS, III
Attorney for Appellant
440 Louisiana Street
Suite 200
Houston, Texas 77002
Telephone: (713) 223-5575
Facsimile: (713) 224-2815

## CERTIFICATE OF SERVICE

I certify that on May 23, 2016, a copy of the brief for appellant was served on Ms. Carmen Mitchell, Assistant United States Attorney, Southern District of Texas by notice of electronic filing with the Fifth Circuit CM/ECF. A courtesy paper copy of this document will be hand delivered to Ms. Mitchell at the United States Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002. I further certify that a copy of the brief for appellant was served on the Appellant, Rosendo Padilla, Register number 89203-179 located at USP McCreary, U.S. Penitentiary, P.O. Box 3000, Pine Knot, Kentucky 42635.

*/s/ Neal Davis, III*
NEAL DAVIS, III

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced type in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

2. This brief was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.


*/s/ Neal Davis, III*